UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CARLTON B. PARKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:13-cv-412 |
| | ) |
| METROPOLITAN SECURITY SERVICES, | ) |
| INC., *also known as* WALDEN SECURITY, | ) Judge Curtis L. Collier |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

# **M E M O R A N D U M**

Before the Court is a partial motion to dismiss filed by Defendants Metropolitan Security Services, Inc. ("Metropolitan") and Michael S. Walden ("Walden") (collectively, "Defendants") (Court File No. 4). Defendants argue that a number of *pro se* Plaintiff Carlton B. Parks's ("Parks") claims were filed more than ninety days after he received his right to sue ("RTS") letter from the Equal Employment Opportunity Commission ("EEOC"), Parks's Tennessee Human Rights Act ("THRA") claim is untimely, Parks failed to allege that Defendants acted under color of state law for the purposes of 42 U.S.C. § 1983, and Parks's claims against Walden are unsupported by any factual allegations. Parks responded in opposition (Court File No. 9), although his arguments are largely beside the point.

For the following reasons, the Court agrees with Defendants that many of Parks's claims must be dismissed and will **GRANT** Defendants' partial motion to dismiss (Court File No. 4). The Court will **DISMISS** Parks's Title VII claim related to his demotion, THRA claim, § 1983 claim, and his Title VII claim against Walden in his individual capacity. Parks's Title VII claim against Metropolitan related to his termination will proceed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Parks, an African-American man, was employed by Metropolitan from April 18, 2011 until his termination on June 29, 2012. According to his complaint, Parks was ostensibly terminated for dozing, sleeping, and being inattentive at work. He claims that he had been previously demoted for insubordination and "being confrontational" to a white co-worker, John Summerfield. Given the choice of termination or accepting the demotion, he chose to be demoted "under duress." Parks was also disciplined for this "confrontation" but Metropolitan did not discipline Summerfield, who harassed Parks "by delving into [Parks's] past employment history with the City of Chattanooga."

In July 2011, Parks notified the Assistant Security Director of a problem he was having with a co-worker, Tony Gregory, who was "aggressive, confrontational, and hostile." The Assistant Security Director never responded to the complaint. Approximately two weeks later, Parks called his employer's hotline number and spoke with Paige Crumbliss, Human Resource Manager. In August, he met with the Director of Security, the Assistant Direct to whom he originally complained, and Paige Crumbliss and informed them of Gregory's harassment. Parks alleges they never responded to his complaints. Parks wrote a formal complaint on January 17, 2012, alleging a hostile work environment, discriminatory practice, disparate treatment, "unprofessional conduct[,] and company policy violations." He filed a supplement on January 25, 2012 alleging that Gregory was making "inflammatory statements" about him.

Although he does not discuss the specifics of his termination, Parks was apparently terminated for sleeping at his post. In October or November 2011, a white female Security Officer was caught sleeping and was neither terminated nor reassigned. Parks also alleges that white male employees of Metropolitan have been caught sleeping on the job and not terminated. Parks alleges

2

that these co-workers were responsible for the essential functions of the job, were subject to the same standards, and engaged in conduct similar to his own. Parks further alleges that the decision not to terminate these individuals was made by the same person who decided to terminate him, Paige Crumbliss.

Parks filed two separate charges of discrimination with the Tennessee Human Rights Commission ("THRC") and EEOC and received two separate RTS letters. He first filed a charge in April 2012, alleging that he was demoted "due to hearsay and false accusations" and that the demotion was made because of his race and in retaliation for unspecified conduct (Court File No. 4-1, April 2012 Charge). The EEOC mailed Parks an RTS letter on August 28, 2013 (Court File No. 4-3, August 2013 Letter). Parks also filed a charge in December 2012 (received in January 2013), alleging that he was terminated because of his race and in retaliation for the April 2012 charge (Court File No. 4-2, December 2012 Charge). The EEOC mailed Parks an RTS letter based upon this charge on September 18, 2013 (Court File No. 1-1, September 2013 Letter).

On December 17, 2013, Parks filed this action *pro se* and filed an amended complaint three days later. The amended complaint asserts three causes of action: (1) a Title VII retaliation claim based upon both his demotion and his termination, (2) a race discrimination claim under the THRA claim, and (3) a 42 U.S.C. § 1983 claim for deprivation of federally protected rights.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all

3

well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility as explained by the Court "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.  DISCUSSION**

Defendants seek dismissal of all but one of Parks's claims. First, Defendants argue that Parks's Title VII retaliatory demotion claim is untimely. Second, Defendants argue Parks filed his THRA claim after the statute of limitations expired. Third, Defendants argue Parks's § 1983 claim must fail because Parks has not alleged that Defendants acted under color of state law. Finally,

4

Defendants argue Parks cannot maintain his Title VII claim against Walden in his individual capacity. The Court will address each argument separately.

**A. Title VII**

When a plaintiff's cause of action requires that an RTS letter be issued before the plaintiff may file suit, the suit is time barred if not filed within ninety days of the plaintiff's receipt of the RTS letter. *Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) (citing 42 U.S.C. § 2000e-5(f)(1)). Federal courts must strictly enforce the ninety-day statutory limit. *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (per curiam). Even in the context of *pro se* litigants, the Supreme Court has noted that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Id.* Courts in the Sixth Circuit presume that a plaintiff receives—and thus has notice of—the RTS letter on the fifth day after it is mailed by the EEOC, "unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that [five-day] period." *Graham-Humphreys*, 209 F.3d at 557 (emphasis omitted).[1] Courts generally presume the RTS letter was mailed the same day it was issued by the EEOC unless there is evidence to the contrary. *See Ruiz v. Vilsack*, 763 F. Supp. 2d 168, 171 (D.D.C. 2011).

In this case, the EEOC mailed Parks the RTS letter regarding his demotion claim on August

---

[1] The Court held it "resolved that notice is given, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of an RTS notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period." *Graham-Humphreys*, 209 F.3d at 557 (emphasis omitted).

5

28, 2013.[2] Parks made no averments in his complaint, or in his response to Defendants' motion to dismiss, regarding when the letter was mailed or when he received it. In light of Parks's silence on the matter, the letter is presumed to have been mailed on the date it was issued, August 28, 2013. *See Ruiz*, 763 F. Supp. 2d at 171. And Plaintiff is presumed to have received the letter five days later, September 2, 2013. Thus to avoid being time barred, Parks should have filed the instant suit by December 1, 2013, ninety days after his receipt of the RTS letter. Parks, however, filed on December 17, 2013, sixteen days after the window to sue closed.

Parks has not responded to Defendants' motion on this point.[3] Accordingly, Parks's demotion claim is time barred and the Court will **GRANT** Defendants' motion to dismiss it.

### B. The THRA

The THRA provides that a "civil cause of action under this section shall be filed in chancery court or circuit court within one (1) year after the alleged discriminatory practice ceases." Tenn. Code Ann. § 4-21-311(d). "The THRA's one year limitations period for bringing a direct court action is not tolled while administrative charges are pending with the THRC or the EEOC." *Martin v. Boeing-Oak Ridge Co.*, 244 F. Supp. 2d 863, 871-72 (E.D. Tenn. 2002) (internal quotation marks

---

[2] Although this letter was not attached to Parks's complaint, it is referred to in his amended complaint and is necessary to his claim, and the Court therefore may consider it on a Rule 12(b)(6) motion. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (stating that a court may consider a document "that is not formally incorporated by reference of attached to a complaint" when it is "a document [] referred to in the complaint and [] central to the plaintiff's claim"); *Lee v. AFT-Yakima*, No. CV–09–3112–EFS, 2010 WL 2243992, at *2 (E.D. Wash. May 28, 2010) ("The EEOC letter is essential to Mr. Lee's discrimination claim, and a court may take judicial notice of EEOC proceedings."). Parks has not disputed that the letter provided by Defendants is authentic.

[3] Parks does note that his second EEOC charge alleges that his termination may have been in retaliation for his filing the first EEOC charge. To the extent this is meant as a response to Defendants' timeliness argument, it fails. Including this allegation in the second RTS letter does not extend Parks's ninety-day period to file suit after receiving the first one.

6

omitted). In this case, Parks has alleged that he was terminated on June 29, 2012. Thus the statute of limitations ran on this claim on June 29, 2013. Parks did not file this action until nearly six months later. Accordingly, Parks's THRA claim is untimely and the Court will **GRANT** Defendants' motion on this ground.

### C. Section 1983

To state a general claim under 42 U.S.C. § 1983, a plaintiff must "demonstrate that a person acting under color of state law 'deprived [her] of rights, privileges or immunities secured by the Constitution or laws of the United States.'" *Barker v. Goodrich*, 649 F.3d 428, 432 (6th Cir. 2011) (citing *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005)). Parks states nothing in his complaint that suggests any of the defendants in this case acted under color of state law. Accordingly, the Court will **GRANT** Defendants' motion on this ground.

### D. Walden

Defendants also seek dismissal of Parks's claims against Walden as an individual. Parks argues that Walden is a proper defendant based on vicarious employer liability and engages in an extensive discussion of Supreme Court decisions from the 1990s considering employer liability for the conduct of supervisors, much of which is a verbatim reproduction of EEOC enforcement guidance from 1999. *See* Enforcement Guidance: Vicarious Employer Liab. for Unlawful Harassment by Supervisors, 1999 WL 33305874 (EEOC Guidance June 18, 1999).

However, "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Nothing in Parks's complaint or brief suggests that Walden "otherwise qualif[ies]" as Parks's employer. According both to Parks's amended complaint and to his response

7

brief, Metropolitan was his employer, not Walden. Rather, Walden is merely "the owner" of Metropolitan who is engaged in its "day-to-day" business activities. This is insufficient to hold Walden individually liable. Even if Walden is the sole shareholder of Metropolitan, Parks has not alleged any facts to suggest that Walden so abused the corporate form that the Court should pierce the corporate veil. *See Dearth v. Collins*, 441 F.3d 931, 934-35 (11th Cir. 2006) (rejecting the plaintiff's argument that his employer's sole shareholder should be held individually liable) (citing *EEOC v. AIC Security Investigations*, *Ltd.*, 55 F.3d 1276, 1282 n.11 (7th Cir.1995)); *Worth v. Tyer*, 276 F.3d 249, 262 (7th Cir. 2001). Accordingly, the Court will **GRANT** Defendants' motion on this ground.

### IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendants' partial motion to dismiss and will **DISMISS** Parks's Title VII claim related to his demotion, THRA claim, § 1983 claim, and his Title VII claim against Walden in his individual capacity. Parks's Title VII claim against Metropolitan related to his termination will proceed.

**An order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**